

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# Rahman v. Citterio USA Corp

Precedential or Non-Precedential: Non-Precedential

Docket 02-1894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Rahman v. Citterio USA Corp" (2003). *2003 Decisions.* Paper 849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1894

FARIDA B. RAHMAN,
Appellant

v.

CITTERIO U.S.A. CORPORATION

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-01811)
District Court Judge:  Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2003

Before:  SLOVITER and RENDELL, Circuit Judges,
and DEBEVOISE, District Judge*

(Filed January 29, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

---

*The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for
the District of New Jersey, sitting by designation.

Farida Rahman appeals the order of the District Court for the Middle District of

Pennsylvania granting summary judgment for Citterio USA Corporation ("Citterio") on her employment discrimination claims. Rahman is a Bangladeshi, Muslim female. She was hired by Citterio to work at its meat processing plant on a temporary basis from March 18, 1994 through May 20, 1994, and again from October 5, 1994 through December 21, 1994. Rahman worked at Proklean, an independent contractor with Citterio that provides sanitation services at Citterio's plant, from December 1996 through March 3, 1997. In 2000, Rahman commenced an action under Title VII of the Civil Rights Act of 1964 and 1991, and the Pennsylvania Human Relations Act, 43 Pa. C. S. § 951 et seq., claiming Citterio discriminated against her on the basis of race, national origin, religion, and gender by not rehiring her between 1994 and 1999. The District Court granted Citterio's motion for summary judgment and we will affirm.

I. Jurisdiction and Standard of Review

The District Court had jurisdiction over Rahman's federal claims under 28 U.S.C. § 1331 (2000) and 28 U.S.C. § 1343 (2000) and supplemental jurisdiction over her state claims under 28 U.S.C. § 1367(a) (2000). We exercise jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291 (2002). We exercise plenary review over the Court's grant of summary judgment, applying the same standard as the District Court. Abramson v. William Paterson College of N.J., 260 F.3d 265, 276 (3d Cir. 2001).

II. Discussion

Citterio concedes for this appeal that Rahman has made out a prima facie case, but contends that she has not rebutted its proffered reasons for not hiring her: her poor

2

performance during her two temporary jobs at the plant and her poor performance at Proklean. Rahman has offered no direct evidence of discrimination and relies entirely on circumstantial evidence. Under the McDonnell-Douglas burden-shifting framework, Rahman bears the burden of rebutting Citterio's proffered legitimate reasons. To meet this burden, she must "demonstrate such weaknesses, implausibilities, inconsistencies, or contradictions in [Citterio's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

Rahman argues that the District Court incorrectly viewed the evidence in the light most favorable to Citterio, and that she has shown enough inconsistencies in Citterio's position to allow a jury to find intentional discrimination. We disagree.

First, the District Court carefully evaluated each piece of evidence Rahman offered and found it wholly lacking. Rahman latches onto language in the Court's opinion stating that the fact that a letter from Rahman's manager describing her "work as 'ok' *does not mandate* the conclusion that [Citterio] was completely satisfied with [Rahman's] work," A17 (emphasis added), to argue that the Court was viewing the evidence in a light favorable to Citterio. Rahman cites to Abramson, 260 F.3d at 277, in which we reversed summary judgment because the district court had incorrectly framed its analysis in terms of whether "a reasonable person would 'necessarily construe' the conduct in question as being improperly motivated." However, a complete reading of the context of the District Court's statement reveals that the Court was not improperly framing the issue. The "mandates"

statement was made in response to Rahman's assertion that the letter from her manager revealed a "blatant contradiction" between his pre- and post-litigation positions. The Court's response was that the letter saying her work was "ok" does not blatantly contradict his later testimony that her work was "below average." This was a proper response and does not reveal an incorrect reading of the evidence.

Second, having independently reviewed the record and taking the evidence in the light most favorable to Rahman, we agree with the District Court that she has not shown such inconsistencies that a reasonable factfinder could find Citterio's reasons "unworthy of credence." Correspondence between her and her manager at Citterio prior to the initiation of her suit, A136, and her manager's testimony, A119, show that the manager did not think she had performed well enough in her sanitation jobs at the plant and with Proklean, and that she had to be reshown how to do jobs. A122. Although it is true that other people who were non-Muslim were retained or hired during the time period that Rahman sought a job, those employees performed better overall than Rahman or were union members. Rahman relies on her own belief that she was a good worker, and comments from Citterio that she was "average" during her first temporary job, but that is not enough to rebut evidence that Citterio clearly thought she was not performing well the second time she was hired at Proklean. There is simply nothing here from which to infer intentional discrimination.

Because we agree with the District Court that Rahman has not raised any genuine issues as to any material fact, we will affirm the Court's grant of summary judgment to Citterio.

4

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge